19-1894-cv
Wang v. Happy Hot Hunan Rest., Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of May, two thousand twenty.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                           *Circuit Judges*.

_____

JIXIANG WANG, on behalf of himself and others similarly situated,

        *Plaintiff-Appellant*,

        v.                                              19-1894-cv

HAPPY HOT HUNAN RESTAURANT, INC.,
d/b/a HAPPY HOT HUNAN, YUNCHOU LIU
a/k/a YUN CHOU LIU, YING LIU, AND CAIFA ZOU,

        *Defendants-Appellees*.

_____

Appearing for Appellant:     Aaron Schweitzer, Troy Law, PLLC (John Troy, *on the brief*), Flushing, N.Y.

Appearing for Appellee:      Bingchen Li, Law Office of Z. Tan, PLLC, Flushing, N.Y.

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jixiang Wang appeals from the May 31, 2019 judgment of the United States District Court for the Southern District of New York (Abrams, *J.*) dismissing his complaint seeking damages under the Fair Labor Standards Act and New York labor law after finding that Wang was an exempt employee. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"On appeal from a bench trial, conclusions of law — as well as mixed questions of law and fact — are reviewed *de novo*, while findings of fact are reviewed for clear error." *Atl. Specialty Ins. Co. v. Coastal Envt'l Grp., Inc.*, 945 F.3d 53, 63 (2d Cir. 2019). "Under the clear error standard, we may not reverse a finding even though convinced that had we been sitting as the trier of fact, we would have weighed the evidence differently." *Id.* (internal quotation marks, brackets, and citation omitted). "Rather, a finding is clearly erroneous only if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

The Fair Labor Standards Act, which requires employers to pay their employees at a "one and one-half times the regular rate at which [the employee] is employed" for each hour worked in excess of forty hours in a single week. 29 U.S.C. § 207(a)(1). The requirement does not apply, however, with respect to certain categories of employees, including those that are "employed in a bona fide executive . . . capacity." 29 U.S.C. § 213(a)(1). The "bona fide executive" exemption is an affirmative defense on which the defendant bears the burden of proof, *see Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974), and is narrowly construed against the employer, *see Bilyou v. Dutchess Beer Distribs., Inc*., 300 F.3d 217, 222 (2d Cir. 2002).

Here, the district court concluded that Wang was an exempt employee based on testimony offered during a three-day bench trial. On appeal, Wang primarily challenges the district court's fact finding and credibility determinations. Nothing Wang points to, however, demonstrates that the district court committed clear error in its fact finding. Indeed, the majority of Wang's arguments regarding the district court's fact finding are essentially complaints about the district court's credibility findings. In determining whether factual findings are clearly erroneous, this Court "must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6). When the district court sits as trier of fact, the judge is "entitled, just as a jury would be, to believe some parts and disbelieve other parts of the testimony of any given witness." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) (citation omitted). As the record evidence clearly supports the district court's findings of fact, and because we find no error of law.

In his reply brief and at oral argument, Wang also argued that the district court erred in relying on testimony discussing his authority during the latter period of his employment to make findings about the scope of his duties throughout his employment. Wang failed to make these arguments in his principal brief, and thus they are waived. . *McCarthy v. Sec. & Exch. Comm'n*., 406 F.3d 179, 186 (2d Cir. 2005). Regardless, the district court specifically rejected this argument, citing testimony from defendant Yunchou Liu that Wang held the same authority from

the beginning of his employment. As it was for the district court to judge the credibility of the witnesses, we cannot say that it was plain error for the court to rely on that testimony.

We have considered the remainder of Wang's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk